IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL L. HYMES, | § | |
| TEAIRRA L. HYMES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-515 |
| | § | |
| AMCAP MORTGAGE, LTD., | § | |
| CENLAR FSB, | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The Plaintiffs, Carol L. Hymes and Teairra L. Hymes, sued AmCap Mortgage Limited, Cenlar FSB, and Lakeview Loan Servicing, LLC, in state court, alleging that the Lenders agreed to allow the Plaintiffs to delay mortgage payments following Hurricane Harvey, but then refused to accept the delayed payments and scheduled a foreclosure sale. (Docket Entry No. 1-3 at 3–4; Docket Entry No. 1-5 at 3). The Plaintiffs asserted claims for contract breach, fraud, negligent misrepresentation, and various Texas Code violations, seeking a temporary restraining order, declaratory judgment, and damages. (Docket Entry No. 1-3 at 5–11; Docket Entry No. 1-5 at 4–11). The state court issued a temporary restraining order in February 2019, enjoining the foreclosure sale and scheduling a preliminary injunction hearing for February 15. (Docket Entry No. 1-6). The temporary restraining order was set to expire on February 18. (*Id.*).

The Lenders removed to federal court on February 14, 2019, and then moved to dismiss, arguing that the complaint failed to state plausible claims. (Docket Entry Nos. 1, 4). In March, the Plaintiffs amended their complaint and responded to the motion to dismiss. (Docket Entry Nos. 10–11).

While the amended complaint contained many of the same allegations as the original complaint, it had important differences. The amended complaint explained that "AmCap told Plaintiffs that they did not need flood insurance and that if they did get it their monthly expenses would be too high to qualify for the [l]oan." (Docket Entry No. 10 at 3). It alleged that the Lenders "have been furnishing negative credit information regarding Plaintiffs and the [l]oan to credit reporting agencies." (*Id.* at 5). The amended complaint elaborated on how the Lenders allegedly breached the forbearance agreement; identified the alleged misrepresentations supporting the fraud, negligent misrepresentation, and deceptive trade practice claims; explained how the Lenders violated the Texas Finance Code; asked for declaratory judgment on two additional issues; and asserted a claim for reporting inaccurate credit information. (*Id.* at 6–15).

The court construed the amended complaint as a motion for leave to amend but, before ruling on that motion, asked the parties to brief whether the amended complaint made the Lenders' motion to dismiss moot. (Docket Entry Nos. 18–19). The Plaintiffs stated that they had leave to amend as a matter of course because the amended complaint was filed within 21 days after a responsive pleading, and that the amended complaint made the motion to dismiss moot. *See* FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)."). The Lenders responded that the amended complaint made the motion to dismiss moot as to one claim and the injunctive relief, but not as to the other claims. (Docket Entry No. 21 at 1).

The Lenders then discussed how the amended complaint failed to cure the other claim deficiencies, addressing the alleged misrepresentations and contract breaches identified in the amended complaint. (*Id.* at 1–5).

2

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The Federal Rules, including Rule 15, apply to an action only "after it is removed from a state court." FED. R. CIV. P. 81(c)(1); *see Pena v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Upon removal, the federal pleading standards control."). If a party cannot amend as a matter of course, the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The language of this rule evinces a bias in favor of granting leave to amend, and a district court must possess a substantial reason to deny a request." *SGK Props., L.L.C. v. U.S. Bank Nat'l Assoc.*, 881 F.3d 933, 944 (5th Cir. 2018) (alterations and quotation omitted).

The Plaintiffs filed a supplemental complaint in state court before this case was removed. (Docket Entry No. 1-5 at 1–11). While "[i]t is unclear whether a plaintiff who amended its pleading in state court prior to removal may take advantage of Rule 15(a)(1)," *TMA Leasing, Inc. v. Vacuum Truck Sales & Serv., LLC*, No. 15-708-SDD-RLB, 2016 WL 8261723, at *1 (M.D. La. Jan. 6, 2016), the Lenders have not argued that the court should deny leave to amend. The court finds that the proposed amendment is not in bad faith or futile, and that allowing it would not unfairly prejudice the Lenders. *See SGK*, 881 F.3d at 944–45. The court grants leave to amend. FED. R. CIV. P. 15(a)(2).

The Plaintiffs argue that the amended complaint makes the Lenders' motion to dismiss moot as a matter of law. (Docket Entry No. 20 at 2–3). The Lenders respond that the amended complaint makes part of the motion to dismiss moot, but they argue that the amendment did not cure many of

3

the deficiencies identified in the motion to dismiss. (Docket Entry No. 21).

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (alteration and quotation omitted)). "A plaintiff's filing of an amended complaint may render moot a pending motion to dismiss." *Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (collecting cases); *see, e.g.*, *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions, including Griffin's motion for partial summary judgment, moot."); *Stredwick v. Dall. Margarita Soc'y, Inc.*, No. 12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). If "some defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1476 (3d ed. Nov. 2018); *see Bell v. Moawad Grp., LLC*, No. A-17-CA-73-SS, 2017 WL 2841679, at *2 n.1 (W.D. Tex. June 30, 2017) ("Whether the filing of an amended complaint renders a motion to dismiss moot is discretionary.").

The amended complaint alleges that the Lenders have reported inaccurate credit information about the Plaintiffs; asserts a new claim based on that allegation; alleges some additional detail as to what the Lenders told the Plaintiffs; and identifies the specific allegations supporting each claim,

4

including the statements made the basis of the fraud, negligent misrepresentation, and deceptive trade practice claims. The Lenders acknowledge that the amended complaint cures at least one claim deficiency.

Because the amended complaint differs in important ways from the original complaint, and because the issues related to the amended complaint are most efficiently addressed and resolved in a single motion to dismiss, the court denies the Lenders' motion to dismiss as moot, without prejudice. The Lenders must file a motion to dismiss the amended complaint no later than **May 10, 2019**.

SIGNED on April 18, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge